**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSIE MCCABE,<br><br>         Plaintiff,<br><br>         v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>         Defendant. | No. CV 06-05158 (SS)<br><br>**MEMORANDUM DECISION AND ORDER** |

   Plaintiff Rosie McCabe ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner," or the "Agency") denying her application for Disability Insurance Benefits.  The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge.  This matter is before the Court on the parties' Joint Stipulation ("Jt. Stip.") filed on April 18, 2007.  For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

\\
\\
\\

**PROCEDURAL HISTORY**

Plaintiff filed an application for Disability Insurance Benefits on January 13, 2003. (Administrative Record ("AR") 63-65). Plaintiff alleged that she is disabled due to chronic myofascial pain, headaches, psychiatric disorders, anxiety, depression, and nerve disorders. (AR 23, 81). Plaintiff notes that her disability onset date was September 17, 2001. (AR 23, 81).

The Agency denied Plaintiff's claims for benefits initially and upon reconsideration. (AR 47-50, 53-57). On August 18, 2005, Administrative Law Judge ("ALJ") John Kays conducted a hearing reviewing Plaintiff's claims. (AR 630-57). Plaintiff, who was represented by counsel, testified. (AR 632-47). The ALJ denied benefits on January 24, 2006. (AR 22-32). Plaintiff sought review of the ALJ's decision before the Appeals Council on March 14, 2006. (AR 18). The Appeals Council denied review on July 6, 2006, making the ALJ's decision the final decision of the Commissioner. (AR 4-7). Plaintiff commenced the instant action on August 16, 2006.

**FACTUAL BACKGROUND**

Plaintiff was born on August 8, 1954, and was fifty-one years old at the time of the hearing. (AR 63, 630). Plaintiff lives with her boyfriend, Michael Hernandez, and her boyfriend's mother. (AR 648). She has a twelfth-grade education. (AR 87). Plaintiff's past relevant work includes employment as a laboratory assistant and a phlebotomist. (AR 82).

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. § 404.1520.  The steps are:

(1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

(2) Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit.  20 C.F.R. § 404.1510.

(4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity,[2] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240

---

[2] Residual functional capacity is what "[one] can still do despite [his] limitations" and represents an assessment "based upon all the relevant evidence in [one's] case record." 20 C.F.R. § 404.1545(a).

F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process discussed above. At the first step, the ALJ determined that Plaintiff had not engaged in substantial gainful activity at any time relevant to decision. (AR 31). At the second step, the ALJ found that Plaintiff's cervical/thoracic strain, anxiety/panic attacks, depression, history of narcotic pain medication dependence in remission, benzodiazepine dependence, and marijuana abuse were severe impairments. (AR 24, 31). At step three, the ALJ ascertained that Plaintiff's impairments did not meet or equal a listing. (Id.).

The ALJ assessed that Plaintiff had the RFC to perform light work. (AR 24, 31). At step four, the ALJ determined that Plaintiff was not capable of performing her past relevant work as laboratory assistant or a phlebotomist. (AR 29, 31). However, at step five, the ALJ determined that Plaintiff could make "a successful adjustment to work that exists in significant numbers in the national economy." (AR 30). Accordingly, the ALJ found that Plaintiff was not disabled. (AR 30, 32).

\\
\\
\\

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

**DISCUSSION**

Plaintiff contends that the Commissioner's decision should be overturned for numerous reasons. For the reasons discussed below, the Court agrees that remand is required because the ALJ failed to properly

\\
\\
assess the lay witness testimony of Plaintiff's boyfriend, Michael Hernandez.[3]

### A. The ALJ Did Not Properly Consider The Lay Witness Testimony In The Record

Plaintiff complains that the ALJ failed to properly consider the testimony of the lay witness, Plaintiff's boyfriend, Michael Hernandez and that the error requires remand. (Jt. Stip at 3). This Court agrees.

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's functional limitations. Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006); Smolen, 80 F.3d at 1288; 20 C.F.R. §§ 404.1513(d)(4)-(e) & 416.913(d)(4)-(e). The ALJ may discount the testimony of lay witnesses only if she gives "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); see also Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."). "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a

---

[3] Because the Court concludes that the ALJ did not properly consider lay witness testimony, it will not address the remaining issues raised by Plaintiff.

reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056.

At the hearing, Plaintiff's boyfriend testified that he lives with Plaintiff (AR 648) and that he sees her on a daily basis. (Id.). He reported that Plaintiff complains of severe pain in her back and arms. (Id.). He also observed that she has trouble walking long distances. (Id.). Plaintiff's boyfriend noted that Plaintiff has crying spells and is depressed and moody. (AR 649). He commented on Plaintiff's inability to concentrate or learn new subjects. (Id.). Plaintiff's boyfriend informed the ALJ that he and Plaintiff had recently attempted to take a notary class and that Plaintiff was unable to grasp the material. (Id.). Plaintiff's boyfriend also testified that Plaintiff has trouble sleeping (Id.), has a low energy level (AR 650), and that she has feelings of worthlessness. (AR 651).

Here, the Commissioner concedes that the ALJ did not address Plaintiff's boyfriend's testimony. (Jt. Stip. at 6). The Commissioner argues that Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984), provides that an ALJ need not address lay witness testimony at all. (Jt. Stip. at 4). However, the Commissioner's reliance on Vincent is misplaced. In that case, lay witnesses were making medical diagnosis and therefore their testimony was not "competent." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (discussing Vincent).

The Commissioner also discusses reasons why the lay witness

testimony could have been discounted by the ALJ. (Jt. Stip. at 6-9). For instance, the Commissioner argues that the ALJ properly found Plaintiff not credible and therefore any testimony regarding what Plaintiff told her boyfriend was not reliable. (Jt. Stip. at 6-7). However, most of the lay witness testimony is not based on complaints relayed to the witness by Plaintiff. (See AR 648-51). The Commissioner also contends that the Ninth Circuit has held that lay witness statements could be rejected because they were based only on observations. (Jt. Stip. at 7 citing Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999)). However, the Commissioner mischaracterizes the Ninth Circuit holding. In Tidwell, the ALJ discounted the lay witness testimony regarding her observations of the plaintiff because the testimony was not relevant to the plaintiff's limitations or whether Plaintiff's limitations existed prior to the date last insured. Tidwell, 161 F.3d at 602. Here, the lay witness testimony specifically addresses Plaintiff's functional limitations. These reasons are therefore not persuasive.

Moreover, any reasons offered by the Commissioner cannot excuse the ALJ's complete failure to discuss the lay witness testimony in its entirety. The Ninth Circuit has concluded that an ALJ's silent disregard of lay testimony about how an impairment limits a claimant's ability to work is generally improper. Stout, 454 F.3d at 1055-1056; Robbins v. Social Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006). Indeed, "lay testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence . . . and therefore cannot be disregarded without comment." Stout, 454 F.3d at 1053 (citing Nguyen, 100 F.3d at 1467). Accordingly, the Court concludes that the

ALJ erred by failing to provide reasons germane to the witness for discounting his testimony.

Plaintiff's boyfriend's testimony is favorable to Plaintiff's claims. It corroborates Plaintiff's testimony that she has severe pain in her back and neck (AR 632), that her daily activities are limited (AR 633-34), that she has trouble sleeping (AR 644), that she has a low energy level (AR 645), and that she has trouble concentrating and learning new tasks. (AR 646). As such, Plaintiff's boyfriend's testimony, if properly considered may have altered the ALJ's assessment of Plaintiff's credibility. Further, his testimony specifically addresses Plaintiff's functional limitations. Accordingly, the Court concludes a reasonable ALJ, fully crediting Plaintiff's boyfriend's testimony, could have reached a different disability determination.

In sum, the ALJ erred by failing to give reasons germane to the witness for discounting Plaintiff's boyfriend's testimony. In addition, the Court finds that the error was not harmless and requires remand.

**B.     Remand Is Required To Remedy Defect In The ALJ's Decision**

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler, 722 F.2d 1496, 1497-98 (9th Cir. 1984). Because the ALJ erred by improperly rejecting Plaintiff's boyfriend's testimony, the case must be remanded to remedy this defect. Upon remand, the ALJ must re-consider Plaintiff's boyfriend's testimony. As the Court did not reach all of the issues raised in this case, the parties shall not be precluded from

addressing those issues or any other issues on remand.

**CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[4] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: September 26, 2007.

_____  /S/

SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

[4] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."